Thursday, 3Iay 19. The Judges delivered their opinions,
Judge Tucker.
The errors insisted on are :
1. That the bond for the collection of the taxes is given to the Commonwealth, instead of the treasurer, as the act directs,(b) and, therefore void, under the decision in Stuart v. Lee, Governor, &c. 3 Call, 421. But although the bond begins with an acknowledgment that the defendants are held and firmly hound to the Commonwealth, it proceeds to say that the penalty is to be paid to the Treasurer for the use of the Commonwealth, which brings it within the intention of the law. And though it was said that the Common *464 wealth (being an ideal person) could not maintain an action upon it, the case of Bibb v. Cauthorne,(a) furnishes a precedent to the contrary. And that of Winston v. the Commonwealth,(b) is a still stronger case ; for, there, the bond, which was for the forthcoming of property taken in execution at the suit of the Commonwealth, appears to have been taken to the sheriff. Yet the Commonwealth obtained a judgment on motion in the General Court, and this Court affirmed the judgment.
2. That the Court had no right to take such a bond from a late sheriff. In the first place, it does not appear, from this record, but that the party might have been sheriff, at the time of giving this bond; for the declaration only mentions Winslow as late sheriff of Orange, deceased. Of course, the word late may refer to the time of bringing the suit, or filing the declaration. 2d. The bond is not set out inhmc verba; and, in this case, is not necessarily a part of the record: being a bond with a collateral condition, and not for the payment of money only, in which case, it is, from necessity, in most cases a part of the record. 3d. The collection of the taxes due for the year 1784, having been postponed by two acts,(c) a subsequent act passed in November,(d) for the purpose of enabling the sheriffs for that year to make the collection of those taxes, although their times should have expired, and declares that, where any sheriff had given bond, as by law directed, or should thereafter give such bond, he shall continue to collect the public taxes, for which he may be accountable, in the same manner as if his time had not expired; and be subject to the same penalties. Under these circumstances, such a bond as this is supposed to have been, seems to have been authorised by law.
3. The breach is alleged to be assigned too generally. It is in the words of the condition. So it was in the case of Johnstons v. Meriwether, 3 Call, 523. and Branch v. The Commonwealth, 2 Call, 510. send Branch v. Randolph, October term, 1805; and so was the case of Little's Administrators v. The Commonwealth, decided yesterday.
*465 4. That it was not stated in the declaration that the sheriff was bound in the same bond. This was not necessary¶ it appearing from the declaration that he is dead. The Court will presume that his name is in the bond., which is not spread upon the record, and which the defendants have not denied to be their act and deed. And this circumstance, viz. that it appears that the sheriff was dead before this suit was brought, seems to me to distinguish this case from Leftwich v. Berkeley, 1 Hen. and Munf. 61. There it appeared, there was another obligor not named a defendant, and not appearing to be dead; and, therefore, the judgment was reversed, because all the obligors who are alive must be sued jointly, or each of them severally. But, as all the surviving obligors are brought before the Court at once, I see no reason to consider it as an objection that they have not been severally sued. They might have pleaded severally, if they had a several defence. Having made none it is to be presumed they had none to make.
5. The breach is laid that the taxes were not paid on demand. This might, for aught I know, have been shewn as a cause for a special demurrer. But the objection seems to me to be too late' when the party has wilfully stood out against the course of the Court, and, for the first time, comes into this Court to point out matters of error in point of form.
In pex-using the record, an objection occurred to me which was not noticed at the bar. The damages laid in the declaration are only 600l. The damages assessed in one of these suits are upwards of 900l. and in the other 1,900l. And I was, at first, inclined to think, that the same reason which restrains a plaintiff from recovering more damages than he demands in his declaration, in an action sounding merely in damages, would apply to these cases. But I find that this point occurred in Johnstons v. Meriwether, 3 Call., 524. and again in Payne v. Ellzey, 2 Wash. 143. and, in both cases, was disregarded. My doubts are consequently changed into submission. Yet, I cannot help saying that such a practice has, in my opinion, a tendency *466 to mislead a defendant, who may think it not worth while to defend a suit, where the damages are laid at 10l. only, but would, probably, be roused on receiving notice, that he might be subject to the payment of 2,000l.
Upon the whole I think the judgments ought to be affirmed.
Judge Roane.
The case of Bibb v. Cauthorne,(a) and Branch v. Randolph, Governor, &c.(b) overrule the objection to this bond as standing in the name of the Commonwealth, instead of being payable to the Treasurer; if, indeed it be not substantially so payable, as appears by the solvendum. In the former case the bond was precisely like the present as to the point in question: in the latter the bond was payable to the Governor instead of the Treasurer. That bond was dated in May, 1784, and was held good, notwithstanding that the act of 1781,(c) speaks of the bond as being payable to the Treasurer; and that the act of 1792,(d) first expressly made the sheriffs’ bonds payable to the Governor. These decisions proceeded upon the ground that the acts of 1748, and 1755, making the sheriffs’ bonds payable to the King, as also the ordinance of convention of 1776,(e) were still in force, and governed the construction of the question.
As to the criticism upon the expression “ late sheriff,” I will either take it to be an averment by the plaintiff in the declaration, as was argued by the Attorney General, and not as contained in the condition of the bond; or, if it even be in the condition, that he was appointed a collector of the taxes after his sheriffalty had expired, and that that expression was only used, as a descriptio persones, not varying, however, his quality as collector. It is clear that at that time collectors of the taxes were in several instances recognized by our laws.
These are the objections which occur in this case. The objection on account of the generality of the breach was overruled yesterday in the case of Little’s Administrators, &c. v. The Commonwealth.
I am of opinion that both judgments be affirmed.
*467 Judge Fleming.
The grounds of the opinion of the Court, in favour of affirming the judgments, having been so fully stated by tbe Judges who preceded me, it seems unnecessary fbr me to say more than that I am of the same opinion.
By the whole Court, (absent Judge Lyons,) the judgments of tbe General Court affirmed.

 November, 1781, c. 40. sect. 4. ed. 1785.

 1 Wash. 91.

 2 Call, 290.

 Ch.7. and 15. passed in May of that year.

 Ch. 91.

 1 Wash. 91.

 Oct. 1805. MS.

 Ch. 40. p. 153. sect. 4. of Chan. Rev.

 Rev. Code. v. 1. c. 80. sect. 8. p. 121.

 Ch. 5 sect. 7. p. 37. of Chan. Rev.